

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

RANDE BENJAMIN,                    §
                                   §
          Plaintiff,               §
                                   §
VS.                                §   NO. 4:11-CV-622-A
                                   §
CITY OF WATAUGA, TEXAS, et al.,    §
                                   §
          Defendants.              §

MEMORANDUM OPINION
and
ORDER

Now pending in the above-captioned action is the motion of

defendant, the City of Watauga, Texas ("the City"), to dismiss

the complaint of plaintiff, Rande Benjamin, for failure to state

a claim upon which relief may be granted.  After having

considered such motion, plaintiff's response, the City's reply,

and applicable legal authorities, the court has concluded that

the City's motion to dismiss should be granted.

I.

Background

Plaintiff instituted this action by a pleading in the

District Court of Tarrant County, Texas, 48th Judicial District,

on August 9, 2011, against the City and the City Manager, Kerry

Lacy ("Lacy") (collectively, "defendants"), as Cause No. 048-

254415-11.  Defendants removed the action to this court.

Defendants filed an answer, raising qualified immunity as a defense, and also filed a motion to dismiss the state court pleading.   Plaintiff filed an unopposed motion to dismiss Lacy, and the court dismissed Lacy from the action.

On October 27, 2011, plaintiff filed an amended complaint ("Complaint"), naming only the City as a defendant.   In the Complaint, plaintiff alleged that the City, acting through the city council, wrongfully removed him from his position of Chief of Police and demoted him to his prior position of lieutenant. This removal and demotion, plaintiff alleged, constituted a denial of his procedural and substantive due process in violation of 42 U.S.C. § 1983 and the Fourteenth Amendment of the Constitution.   He sought judgment for damages as compensation for decreased pay and benefits, his inability to obtain comparable employment, and public humiliation and mental anguish.

In summary, plaintiff made the following allegations in the Complaint:

Plaintiff has been a member of the City of Watauga's police department for over twenty years.   Compl. at 5-6.   After reaching the rank of lieutenant, he was "then promoted to Chief of Police," a position he held until August 16, 2010.   Id.   On August 10, 2010, a written letter containing criticisms of

plaintiff was delivered by email to Lacy, then City Manager,[1] and also delivered to the mayor and the members of the city council. Id. at 8. The letter was signed by every Watauga police officer, but not signed by any lieutenant. Id. The letter accused plaintiff of "untruthfulness," "dishonesty," and "unethical conduct," and claimed that plaintiff "violated city policy which clearly states that untruthfulness and dishonesty will not be tolerated." Id. at 8. The letter also specifically requested that the city council take action and stated: "More specific complaints are being collected by our attorneys and will be made available to the Council upon request." Id. Plaintiff, however, "was in fact not guilty of doing anything improper." Id. at 9.

The City and city council "elected to treat" the police officers' letter as a "complaint" against plaintiff. Id. On August 11, 2010, Lacy sent plaintiff a letter stating that the complaint letter had been received and that plaintiff was being placed on administrative leave, effective immediately, "until an investigation is completed and a resolution regarding this matter has been reached." Id. As a result, plaintiff stayed home from work. Id. Between plaintiff's receipt of the letter on August

---

[1] Lacy remained as City Manager throughout the incident concerning plaintiff, but Lacy has since retired from that position. Compl. at 6.

11 and the start of August 17, no such investigation was "conducted" or "completed" in any proper manner.  Id.

On August 13, 2010, the city secretary, DeeAnna Looney, posted a notice for a special meeting of the city council for 6:30 p.m. on August 16, 2010.  Id.  The agenda "indicated that in executive session the council would consider a 'complaint' against an officer or employer," and that when the council reconvened afterwards it would "review . . . a complaint brought against Rande Benjamin, Chief of Police, and any action to be taken as a result of discussions in executive session."  Id. at 9-10 (emphasis removed).  Plaintiff first became aware of the meeting on August 16.  Id. at 10.  He telephoned Lacy with questions, and Lacy responded that plaintiff did not need to be present at the meeting, that it would probably be best if plaintiff were not present, and that plaintiff "really did not have anything to be concerned about."  Id.  Lacy also stated that plaintiff "did not" and "should not" do anything, thus giving no indication of the hearing or any potentially adverse action against plaintiff.  Id.

On the evening of August 16, the city council held a special meeting and went into executive session.  Id. at 10-11.  After the meeting was reconvened as a public meeting, the city council, "the chief policy making body" of the City, "officially"

4

disciplined and demoted plaintiff.  Id. at 11.  Council member

Hutchinson moved, and all six council members present voted

unanimously in favor, to take action against plaintiff and demote

plaintiff from his position of Chief of Police to the rank of

lieutenant in the city police department.  Id. at 11-12.[2]  The

---

[2]The City's answer includes the minutes of the meeting, which state, in relevant part:

EXECUTIVE SESSION

At 6:58 p.m., Mayor Jeffries recessed the Special City Council Meeting and
announced that the City Council would convene in Executive Session pursuant to
Chapter 551 to the Texas Government Code, Section 551.074 Personnel Matters,
which allows the following:

1.    To deliberate the appointment, evaluation, reassignment, duties, discipline,
      or dismissal of a public officer or employee; or
2.    To hear a complaint or charge against an officer or employee.

RECONVENE

At 8:22 p.m., Mayor Jeffries called the Special City Council meeting back to
order for possible discussion and action as a result of the executive session as
follows:

1.    To review, update and provide information to the City Council regarding a
      complaint brought against Rande Benjamin, Chief of Police, and any
      action to be taken as a result of discussions in executive session.

      Council Member Hutchinson made a motion, per recommendation of the
      City manager, to remove Rande Benjamin as Police Chief of the Watauga
      Police Department pursuant to Local Government Code Section
      143.013(c), and return Rande Benjamin to his former rank of Lieutenant
      and authorize the interim appointment of Bud Joyce to the position of
      Police Chief of the Watauga Police Department effective immediately.
      Council Member Steele seconded the motion, which passed as follows:

      AYES:       Krausse, Davis, Steele, Hutchinson, Irving,
                  Nickerson
      NAYS:       None
      ABSENT:     Griffin

                                                    (continued...)

city council also appointed a new interim Chief of Police, who
informed plaintiff of his removal and demotion.[3] <u>Id.</u> at 11.
Lacy later stated to plaintiff that the adverse action "had been
taken by the city council of the City of Watauga, and had not
been initiated or taken by" Lacy.  <u>Id.</u>  As a result of the city
council's action, plaintiff alleged that he suffered various
violations of his due process rights.

After plaintiff filed the Complaint, the City answered and
filed a second motion to dismiss, now directed at the Complaint.
Plaintiff filed a response, and the City filed a reply.

II.

<u>Analysis</u>

A.   <u>The Rule 8(a)(2) Pleading Standards</u>

Rule 8(a)(2) of the Federal Rules of Civil Procedure
provides, in a general way, the applicable standard of pleading.
It requires that a complaint contain "a short and plain statement
of the claim showing that the pleader is entitled to relief,"
Fed. R. Civ. P. 8(a)(2), "in order to give the defendant fair

--------------------

(...continued)
Def.'s Ans., Ex. B, Mins. of Aug. 16, 2010 Special City Council Meeting at 10.

[3]While plaintiff alleged that the appointed interim police chief was a "Lt. Parker," Compl.
at 11, the official City Council minutes indicated that Bud Joyce was the actual individual
appointed to the position of interim police chief, Def.'s Ans. at 9, Ex. B, Mins. of Aug. 16, 2010
Special City Council Meeting at 10.

notice of what the claim is and the grounds upon which it rests,"
Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (internal
quotation marks and ellipsis omitted).  Although a complaint need
not contain detailed factual allegations, the "showing"
contemplated by Rule 8 requires the plaintiff to do more than
simply allege legal conclusions or recite the elements of a cause
of action.  See Twombly, 550 U.S. at 555 & n.3.  Thus, while a
court must accept all of the factual allegations in the complaint
as true, it need not credit bare legal conclusions that are
unsupported by any factual underpinnings.  See Ashcroft v. Iqbal,
556 U.S. 662, 129 S. Ct. 1937, 1950 (2009) ("While legal
conclusions can provide the framework of a complaint, they must
be supported by factual allegations.").

     Moreover, to survive a motion to dismiss for failure to
state a claim, the facts pleaded must allow the court to infer
that the plaintiff's right to relief is plausible.  Iqbal, 129 S.
Ct. at 1950.  To allege a plausible right to relief, the facts
pleaded must suggest liability; allegations that are merely
consistent with unlawful conduct are insufficient.  Twombly, 550
U.S. at 566-69.  "Determining whether a complaint states a
plausible claim for relief . . . [is] a context-specific task
that requires the reviewing court to draw on its judicial
experience and common sense."  Iqbal, 129 S. Ct. at 1950.

B.   <u>Applying the Standard to the Complaint</u>

After reviewing the Complaint, the court has determined that the Complaint fails to allege any facts to show a constitutionally protected property interest sufficient to support a Fourteenth Amendment due process claim under 42 U.S.C. § 1983.   In its analysis, the court turns first to the substantive due process claim and then considers the procedural due process claim.

1.   <u>Substantive Due Process</u>

To succeed with a claim based on substantive due process in the public employment context, the plaintiff must demonstrate that he had a clearly established property interest in his employment.   <u>Moulton v. City of Beaumont</u>, 991 F.2d 227, 230 (5th Cir. 1993).   A property interest in employment may be created by ordinance or implied contract.   <u>Bishop v. Wood</u>, 426 U.S. 341, 344 (1976).   "Property interests are created and their dimensions are defined by existing rules or understandings under state law." <u>Williams v. Texas Tech Univ. Health Sciences Ctr.</u>, 6 F.3d 290, 293 (5th Cir. 1993).   Because Texas is an employment-at-will state, employment contracts are terminable at will by either party absent a specific contract to the contrary.   <u>Moulton</u>, 991 F.2d at 230.   Thus, to prevail, plaintiff must demonstrate that such a contract fitting this exception existed.   <u>Id.</u>

In his substantive due process claim, plaintiff alleged that his demotion to lieutenant caused him a significant loss in annual pay and benefits, including retirement benefits, and furthermore, caused him "embarrassment, humiliation, and mental anguish," and "diminished and obliterated" his prospects of finding another comparable position as police chief.  Compl. at 12, 16.  However, plaintiff did not allege the existence of any implied or express contract for employment or any employee handbook meeting this exception.  Instead, plaintiff references the "city code, or code of ordinances" as the source of his property rights.[4]  The Code of Ordinances of the City of Watauga was adopted in the City Charter ("City Charter").  "Under Texas law, home rule cities, such as [Watauga], generally may create their own offices and establish policies for determining the manner and mode of selecting officers and prescribing their qualifications, duties, compensation, and tenure of office in their charters."  Henderson v. Sotelo, 761 F.2d 1093, 1096 (5th Cir. 1985) (citation and quotations omitted).  "Thus, such cities may determine by charter whether employment in certain city

---

[4]For ease of reference, the court is referring to the 2001 Code of Ordinances adopted by the City Charter.  Plaintiff cites to section 9.210 of the 2001 Code, and the City has provided the court with the 2001 Code in its answer.  Pl.'s Resp. to Mot. to Dismiss at 14; Def.'s Ans., Ex. C, Watauga Code of Ordinances, Ch. 9, Personnel.   The language of section 9.210 is retained in its entirety in the 2011 Code, but is renumbered as section 9.04.033.

offices is at will or continuous absent just cause for dismissal, and Texas courts will give effect to such charter provisions." Id.

The language of the City Charter establishes that there is no "for cause" condition limiting plaintiff's removal from his position as Chief of Police.  The City Charter provides in relevant part:

> Sec. 9.11.03   <u>Appointment and removal of chief of police</u>
>
> The chief of police shall be appointed by the city manager, with the approval of the city council, for an indefinite term. <u>The chief of police may be removed from office by the city manager, with the approval of the city council.</u>

Watauga, Tex., Personnel Ordinances, ch. 9, art. 9.11, § 9.11.03 (2001) (emphasis added).  The charter provision, therefore, does not contain any language stating that the Chief of Police may be removed only "for cause."

The Fifth Circuit has, in reviewing similar charter provisions, repeatedly ruled that absent "termination for cause" language, this type of charter provision does not create a property interest.  <u>Schultea v. Wood</u>, 27 F.3d 1112, 1116 (5th Cir. 1994); <u>Moulton</u>, 991 F.2d at 230-31; <u>Henderson v. Sotelo</u>, 761 F.2d 1093, 1096-97 (5th Cir. 1985).

For instance, in <u>Schultea</u>, the plaintiff sued several city council members and the city manager of Tomball, Texas, under § 1983, claiming the defendants violated his substantive due process rights by demoting him from the position of Chief of Police to the position of Assistant Chief of Police.   27 F.3d at 1114.   Like the Watauga City Charter, the Tomball City Charter did not specify the plaintiff could only be removed from his position for cause.   <u>Id.</u> at 1116.   Instead, the Tomball charter provision simply stated:

> The Chief of Police is the senior officer of the Police Department. He is appointed by the City Manager, with the approval of the Council, for an indefinite term. . . . He is responsible to the City Manager for the administration of the Police Department and the performance of Council-established duties and directives. <u>He may be removed from office by the City Manager, with the approval of the Council.</u>

<u>Id.</u> (emphasis added).

The Watauga charter provision affecting plaintiff's case is nearly identical to the Tomball charter provision in <u>Schultea</u>. The Fifth Circuit has made clear that this type of language does not afford plaintiff with a property interest in his employment, and plaintiff has not alleged any facts or pointed to any other language in the City Charter to suggest that the charter provision should be interpreted any differently.   Consequently, plaintiff had no entitlement to continued employment absent cause

for dismissal under the City Charter.  Therefore, because

plaintiff had no property interest in his status as Chief of

Police, this substantive due process claim must be dismissed.[5]

   2.   Procedural Due Process Claim

   The court now turns to the procedural due process claim.

Plaintiff's allegations concerning this claim were as follows:

   The City unconstitutionally deprived plaintiff of procedural

due process by failing to give him proper notice and a hearing

prior to his removal.  Because "the city council chose to treat

the accusations [of the police officers] as a 'complaint,'"

plaintiff "should have been given notice and a hearing before

adverse action was taken against him."  Id. at 13-14.  At the

hearing, "he was entitled to present a defense to accusations and

complaints made against him," "to call witnesses," and "to

present evidence."  Id.  Plaintiff had "a legal right to a

hearing," under the City's "custom and usage," "by virtue of

provisions of the city code, or code of ordinances," and "the

fundamental Due Process right of having 'an opportunity to be

_____

   [5] Although Schultea was decided in the context of a qualified immunity claim, to decide whether a constitutional violation by a city employee occurred, the Fifth Circuit first had to decide whether the city charter or an oral agreement by a city manager conferred a protected property interest on the plaintiff.  Schultea v. Wood, 27 F.3d 1112, 1116 (5th Cir. 1994).  Thus, Schultea is instructive with respect to determining whether plaintiff's claim against the City has met the requirements for a protected property interest in the public employment context.  Id.

heard.'"   Id. at 14-15.   Plaintiff was denied all of these
rights, and this denial amounted to a violation of his rights to
due process.   Id. at 15-16.

A claim that an employer violated procedural due process
during an adverse employment action requires that (1) the
plaintiff have a protected property interest in his employment,
and (2) the termination of the interest was effected without the
requisite procedural protections.   McDonald v. City of Corinth,
Tex., 102 F.3d 152, 155 (5th Cir. 1996); Browning v. City of
Odessa, Tex., 990 F.2d 842, 844 (5th Cir. 1993).   A plaintiff who
is deprived of a significant protected property interest is
entitled, depending on the circumstances, to either a pre-
termination or post-termination hearing.   Cleveland Bd. of Educ.
v. Loudermill, 470 U.S. 532, 542 (1985).   The protected plaintiff
must receive notice of the charges raised against him and be
afforded an opportunity to respond.   Id. at 545-46.

Plaintiff's procedural due process claim therefore depends
upon his having a property interest in continued employment as
Chief of Police.   The court has already determined that plaintiff
did not derive a protected property interest in his employment
from the code of ordinances adopted in the City Charter.   As the
court previously discussed, plaintiff failed to allege anything
to show that his Chief of Police position was subject to a for-

13

cause condition to removal.  Here as well, plaintiff's allegations concerning "the civil service protections" simply do not support his claim of a property interest in his employment as Chief of Police.[6]  Compl. at 13.  Although plaintiff alleged that the termination of his employment as chief of police occurred without the requisite procedural protections, plaintiff has not sufficiently alleged that the state had conferred him with a protected property interest in that position.  Absent such an allegation, plaintiff cannot show that he has been deprived of this property interest.  Consequently, plaintiff cannot demonstrate that he was entitled to a pre-termination or post-termination hearing under these circumstances.

Additionally, plaintiff has made no allegation suggesting that there was any subsequent attempt to terminate him from employment with the police department.  Instead, the Complaint states that plaintiff has continued to hold "the rank of lieutenant on the police force" since his demotion.  Compl. at 12.  This rank of lieutenant was the same rank that he held "immediately before appointment" as police chief.  Tex. Local Gov't Code § 143.013.  As a lieutenant in the police force,

---

[6]The 2001 Code was amended by a special election in 2005 to adopt civil service protections for police officers provided under Chapter 143 of the Texas Local Government Code. See Watauga, Tex., Personnel Ordinances, ch. 9, art. 9.01, § 9.01.002 (2011).

14

plaintiff continues to retain the civil service protections

afforded to police officers generally under the Local Government

Code. Id. § 143.051.  These protections require "cause for

removal or suspension" before plaintiff may be removed or

suspended from his position as a lieutenant.  Id.  There is no

allegation to suggest that any of these civil service protections

have been violated with respect to plaintiff's employment status

as a lieutenant.

Plaintiff's remaining argument concerning section 9.201 of

the City Charter is similarly unavailing.  Section 9.201 outlines

grievance procedures that provide for notice, a full

investigation, and a hearing prior to removal from office.

Watauga, Tex., Personnel Ordinances, ch. 9, art. 9.200, § 9.210

(2001).[7]  Although plaintiff argued in his response to the motion

to dismiss that section 9.210 of the City Charter entitled him to

---

[7] Section 9.210 states, in relevant part:
Sec. 9.210    Complaints against officers other than city council members
(a)    All complaints or allegations of a violation of this article against an officer
of the city other than a city council member shall be made in writing, sworn
before a notary public, and filed of record with the city secretary. Such complaint
shall describe in detail the act or acts complained of and the specific sections of
this article alleged to have been violated. . . .
    . . . .
(e)    The city council shall consider the finding of [an investigative] report at the
meeting at which it is presented, at which time the person accused shall have the
right to a full and complete hearing with the opportunity to call witnesses and
present evidence on his behalf. No final action, decision or vote with regard to any
matter shall be made except in a meeting which is open to the public.
Code of Ordinances § 9.210 (2001).

a hearing prior to his removal, section 9.210 plainly does not apply to him.  Pl.'s Resp. to Mot. to Dismiss at 14.  Section 9.210 applies only to "officers," who are defined as city council members or appointed members of a board, commission, or committee.[8]  Watauga, Tex., Personnel Ordinances, ch. 9, art. 9.200, § 9.201 (2001).  By his own admission, plaintiff was not an "officer," but an "employee."  Plaintiff repeatedly alleged in the Complaint that he "presently is, and has been at all times relevant to this suit, an employee" of the City.[9]  See Compl. at 5-7, 12.  Thus, plaintiff was not entitled to any of the described procedures under section 9.201.

Plaintiff has made no allegation to show that he had a property right in his employment with the City, which is a threshold requirement for a procedural due process claim.[10]

---

[8]Section 9.201 defines "officer" or "official" as:
Officer or official.  Any member of the city council and any appointed member of a board, commission or committee set up by ordinance, charter, state law or otherwise, on a temporary or permanent basis, excluding those boards, commissions or entities not operating under the direct authority of or subject to the direct control of the city council.
Watauga, Tex., Personnel Ordinances, ch. 9, art. 9.200, § 9.201 (2001).

[9]Plaintiff further alleged that he "has continuously been an employee of the City of Watauga, Texas, for over twenty years," and that "[a]s an employee of the City of Watauga, Texas, Plaintiff has been a member of the police department of that city for many years."  See, e.g., Compl. at 5-7, 12.

[10] Plaintiff did not allege, and expressly disavowed in his response to the motion to dismiss, that he is bringing a claim for the City's unconstitutional denial of a "name clearing
(continued...)

Accordingly, plaintiff has failed to state a claim for a procedural due process violation.

### III.

### Conclusion and Order

The court concludes that plaintiff has not alleged any facts that would allow the court to draw the reasonable inference that the City violated a constitutionally recognized property interest of plaintiff. As a result, plaintiff's § 1983 action fails to state a plausible claim to relief. Plaintiff has already been given an opportunity to replead, and in his response to the motion to dismiss, plaintiff does not request leave to amend as an alternative remedy to dismissal. Pl.'s Resp. to Mot. to Dismiss at 18. Therefore, the Complaint should be dismissed.

For the reasons given above,

The court ORDERS that the City's motion to dismiss be, and is hereby, granted.

---

[10](...continued)
hearing" for him. Pl.'s Resp. to Mot. to Dismiss at 10 (stating that the argument about a "name clearing hearing" and "defamatory charges" is directed against a claim that has not been made to start with. . . . This particular so-called 'claim' . . . is not even made in the first place.").

The court further ORDERS that all claims asserted by plaintiff against the City be, and are hereby, dismissed with prejudice.

SIGNED January 19, 2012.

JOHN McBRYDE
United States District Judge